IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 06-0066 LJO AND CV F 10-1710 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc.75) |
| vs. | |
| RAYMOND RONELL | |
| Defendant. | |

## INTRODUCTION

Defendant Raymond Ronell ("Mr. Ronell") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered defendant's section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

### Charges And Plea Agreement

A February 23, 2006 indictment charged Mr. Ronell with sexual exploitation of a minor (18 U.S.C. §2251(a)), receipt or distribution of material involving the sexual exploitation of minors (18 U.S.C. §2252(a)(2)) and possession of material involving sexual exploitation of minors. (18 U.S.C. §2252(a)(2)). On August 6, 2007, Mr. Ronell, through his attorney, filed motions to suppress evidence obtained as the result of search warrants executed at Mr. Ronell's residence. The November 25, 2005, search warrant was issued by the Honorable Judge Whitehead, of the Fresno County Superior Court on

1  November 25, 2005. Thereafter, on or about December 27, 2005, the Honorable Robert E. Coyle, of the
2  United States District Court, for the Eastern District of California, issued a second search warrant
3  allowing federal agents to search the Mr. Ronell's electronic media.  The motions to suppress were
4  made on the grounds that the search warrants lacked probable cause because the supporting affidavit was
5  general and conclusory and recited innocuous contacts between Mr. Ronell and the minor.  Mr. Ronell
6  argues that the affidavit failed to establish a link between criminal activity and the residence.  The
7  motions to suppress were denied on the record on September 14, 2007.

8  On September 24, 2007, Mr. Ronell pleaded guilty to the charges.  The plea was without a
9  formal, plea agreement.  When Mr. Ronell entered is plea, he did not preserve his right to appeal from
10 the order denying the motions to suppress, under Fed.R.Crim.P. 11.

11 At sentencing on August 21, 2008, Count three was dismissed.  Petitioner then was sentenced
12 to concurrent terms of 360 months and 240 months on the two remaining counts.  Judgment was entered
13 on August 26, 2008.

14 Mr. Ronell timely appealed on August 26, 2008, challenging the denial of the motions to
15 suppress evidence and the sentence.  Following various motions before the Ninth Circuit, on July 15,
16 2010, the Court dismissed the portion of the appeal challenging the order denying Mr. Ronell's motions
17 to suppress, stating:

> "Ronell failed, however, to preserve this issue for appellate review because he pleaded guilty without a written plea agreement and made no reservation of rights at the plea hearing. When a defendant pleads guilty without conditions, the plea 'constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.'" (Doc. 72, Ninth Circuit Memorandum.)

**Section 2255 Motion**

23 On September 17, 2010, Mr. Ronell filed his section 2255 motion claiming ineffective assistance
24 of counsel by his trial counsel, Mr. Nuttall.  Mr. Ronell argues that his trial counsel provided ineffective
25 assistance when counsel failed to preserve petitioner's right to appeal from the order denying the
26 motions to suppress, although it was the intent of petitioner to do so.  Mr. Ronell presents evidence from
27 counsel Nuttal that the only viable defense to the case was to suppress the evidence obtained by the
28 search warrants and when the motions were denied, the remaining procedure was to appeal the denial

of the motions to suppress. Once the motions to suppress were denied, counsel Nuttall advised Mr. Ronell to plead guilty and he advised Mr. Ronell that the motions to suppress could be appealed following the guilty plea. (Doc. 75-1, Nuttall Decl. p. 2-3.) Mr. Nuttal states it was "oversight and error on his part for not preserving the right to appeal." *Id.*

## DISCUSSION

### Ineffective Assistance Of Counsel

A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *U.S. v. Pruitt*, 32 F. 3d 431, 433 (9th Cir. 1994). As such, this Court scrutinizes Mr. Ronell's ineffective assistance of counsel claim.

**1.**   ***Strickland* Factors**

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has proven prejudice affirmatively. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. The court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693, 104 S.Ct. 2052. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail. Here, the suppression motions were raised on appeal, but consideration of the motions was precluded for procedural error. Therefore, the Court will turn to whether there was a reasonable probability that the result on appeal would have been different had the motions to suppress been presented on the merits.

**2.     The Standard of Review of a Motion to Suppress**

The Ninth Circuit's standard for review of a motion to suppress is as follows. A district court's denial of a motion to suppress is reviewed *de novo* and its underlying factual findings for clear error. *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). "Review under the clearly erroneous standard is significantly deferential, 'requiring for reversal a definite and firm conviction that a mistake has been committed.'" *U.S. v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). The Court's denial of Mr. Ronell's

4

motions to suppress presented mixed questions of law and fact. As mixed questions of fact, the Ninth Circuit's reversal of the court' denial of the motions to suppress would have to be based on "clear error." The denial of a motion to suppress may be made "on any basis fairly supported by the record." *U.S. v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009). Thus, had the motions to suppress been reviewed on appeal, the trial court's denial would have been reviewed for "clear error."

### 3. Search Warrant for Search of Mr. Ronell's Residence

The Court turns to whether a fair probability exists that Mr. Ronell would have prevailed under the Ninth Circuit's standard of review.

In his petition, Mr. Ronell does not offer any evidence or argument that he would have obtained a favorable ruling on appeal had the appeal of the motions been considered on the merits. The *Strickland* standard "places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." *Wong v. Belmontes*, - U.S. -, 130 S.Ct. 383, 390-391 (2009) (quoting *Strickland*, 466 U.S. at 694). Thus, Mr. Ronell did not carry his burden. Nonetheless, the Court independently evaluates whether a fair probability existed that Mr. Ronell would have prevailed.

Mr. Ronell moved to suppress two different search warrants for lack of probable cause. Defendant moved to suppress evidence seized at his residence, pursuant to a warrant issued by a Fresno County Superior Court Judge, on November 25, 2005. ( Doc. 29.) Mr. Ronell also moved to suppress the search of Mr. Ronell's hotmail email account. (Doc. 30.) Mr. Ronell argued that the search warrant affidavit was insufficient to establish probable cause because of the "innocuous" information related in the affidavit. Mr. Ronell also argued that there was no nexus between the criminal activity and the residence.

Mr. Ronell moved to suppress evidence found at his residence following a search executed pursuant to a search warrant issued by Superior Court Judge Denise Whitehead, and searches of Mr. Ronell's email account. (Doc.29, Motion and Doc. 30 Motion re email account.) The search warrant was issued based upon a probable cause affidavit executed by Fresno Police Department Detective Israel Reyes. The probable cause affiant identified three crimes that Mr. Ronell had been charged with: California Penal Code sections 278 (detainment of child from legal custodian), 278.5 (deprivation of custody of child), and 272(b)(1) (contributing to delinquency of minor) – prior to seeking the search

warrant, and the investigator for which he would be seeking evidence.

Whether or not there was probable cause supporting the issuance of a search warrant is determined by the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983). The Ninth Circuit "examine[s] the 'totality of the circumstances' in a "'common-sense' manner. *U.S. v. Mayer,* 560 F.3d 948, 956 (9th Cir. 2009). Considering the totality of the circumstances, the affidavit supporting issuance of the warrant must show that there was "a fair probability that contraband or evidence of a crime" would be found in at the location. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir.2004); *see also United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir.2007) ("Neither certainty nor preponderance of the evidence is required."), *cert. denied*, 552 U.S. 1104, 128 S.Ct. 877, 169 L.Ed.2d 738 (2008). Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question. *United States v. Kelley*, 482 F.3d at 1050.

The probable cause affidavit set out a series of events, which considered in the totality, indicated a fair probability that evidence of crime would be located at the residence. (Doc. 31, Government opposition to motion Exh. A.) Mr. Ronell was 41 years old, and he had taken a 12 year-old Asian girl away from her home for approximately four hours without permission from the girl's parents. The parents called the police who responded and began an investigation of the minor's disappearance. The police interviewed the minor when she returned from being with Mr. Ronell. The minor had been befriended by Ronell and had been taken to his home, the park, and a walk. She had been to his home on several other occasions. The minor was nervous and evasive about discussing what they had done at the residence on previous occasions and said pictures had been taken. She denied they had engaged in any "bad" touching, but remained nervous. She stated she had been photographed or video taped by Mr. Ronell. In addition, she indicated in her visit with Mr. Ronell, her pants had become wet while at the park and she removed them as Mr. Ronell's suggestion. The detectives who were investigating the defendant's crimes discovered a Kodak digital camera and a Sony Camcorder (a digital video recorder) in the vehicle that the defendant had used when taking the victim away without the consent of her parents. A search of the defendant's residence and/or computers could have led to the discovery of evidence that would have corroborated or refuted the victim's statements about what happened on the

day that the defendant took her away from her parents.

Here, the Ninth Circuit would use a "common sense" approach to evaluating whether the "totality of the circumstances" supported probable cause for the search warrant. The existence of probable cause turns on whether the search warrant affidavit "establishe[d] a reasonable nexus between the crime or evidence and the location to be searched." *United States v. Crews*, 502 F.3d 1130, 1136-37 (9th Cir.2007). There was probable cause to believe that a felony had been committed and that evidence of commission of that felony would be located at the defendant's residence. Mr. Ronell, an adult male living alone, took the minor female victim to his residence immediately after he took her from her own family's residence. He then had her join him in his vehicle, and they spent time in the vehicle, before he returned to his residence. During the time that the defendant kept the minor from her parents, she removed her pants at his direction and sat in his vehicle with him. The victim also indicated that she had been photographed by the defendant numerous times both at his residence and earlier that day in his vehicle. In the totality of the circumstances, the Ninth Circuit would not put on blinders and consider only, what Mr. Ronell terms, "innocuous" acts. Considering the totality of the circumstances, the affidavit supporting issuance of the warrant shows that there was "a fair probability that contraband or evidence of a crime" would be found in Ronell's home. *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir.2004).

Considering the totality of the evidence before the Judge who issued the search warrant, and the connection of the residence to the state crimes for which Mr. Ronell was charged, there is no likelihood that the motion to suppress would be reversed for "clear error." The Ninth Circuit does "not 'flyspeck' the affidavit supporting a search warrant through de novo review; rather, the magistrate judge's determination 'should be paid great deference.'" *U.S. v. Kelley*, 482 F.3d at 1050. Thus, the Court finds that there is minimal probability that Mr. Ronell would have prevailed on appeal had the motions to suppress been preserved as an appellate issue.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2);

1  *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996).  A COA issues when defendant
2  demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the
3  issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed
4  further."  *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983).  In the absence of a COA, no appeal in a
5  section 2255 proceeding may be heard.  28 U.S.C. § 2253(c).

6       This Court has reviewed the record of this case and finds no jurist of reason could debate the
7  correctness to deny defendant collateral relief.  *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993).  On
8  the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Ronell's
9  conviction and sentence.  Accordingly, a certificate of appealability is improper.

## CONCLUSION AND ORDER

11       For the reasons discussed above, this Court DENIES Mr. Ronell's section 2255 relief and a
12  certificate of appealability.  The clerk is directed to close Case No. CV-F-10-1710.

13       IT IS SO ORDERED.

14  **Dated:   September 29, 2010**              /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE