# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RONELL, | 1:06-cr-00066-LJO-1 |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| v. | (Doc. 105) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Raymond Ronell ("Ronell") is a prisoner in federal custody proceeding by his attorney Lisa M. Sciandra. Now before the Court is his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). He contends that he received ineffective assistance of counsel when his former counsel Roger T. Nuttall ("Nuttall"): (1) advised him to plead guilty to each of the three counts of the indictment without a written plea agreement with the government preserving his right to appeal the denial of his motion to suppress; and then (2) failed to take any other action to preserve the right to appeal the denial of the motion to suppress. For the reasons discussed below, Ronell's motion is GRANTED.

## BACKGROUND

On February 23, 2006, Ronell was indicted on three counts: (1) sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a); (2) receipt or distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2); and (3) possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 1). Ronell entered a

plea of not guilty on March 3, 2006. (Docket no. 3). From the time of his arraignment on March 3, 2006 through approximately April 13, 2012, Ronell was represented by Nuttall and associates at Nuttall & Coleman.

On August 6, 2007, Nuttall filed on behalf of Ronell a motion to suppress evidence seized during a search of his residence and the subsequent search of his email account. (Doc. 29). Nuttall advised Ronell that he planned to appeal if the Court denied the motion to suppress.

This Court denied the motion to suppress on September 14, 2007. (Docket no. 36).

On September 24, 2007, Ronell entered a plea of guilty as to each of the three counts in the indictment without a written plea agreement with the government. (Docket no. 37). During the change of plea hearing before this Court, Nuttall did not orally or otherwise preserve Ronell's right to appeal this Court's denial of the motion to suppress pursuant to Fed. R. Crim. P. 11.

On August 22, 2008, this Court sentenced Ronell to a term of imprisonment of 360 months for count one and a term of 240 months for count two, to be served concurrently, and dismissed count three. (Docket no. 58).

On July 15, 2010, the Ninth Circuit Court of Appeals denied Ronell's appeal of this Court's denial of the motion to suppress because Ronell "failed [] to preserve this issue for appellate review because he pleaded guilty without a written plea agreement and made no reservation of rights at the plea hearing." *United States v. Ronell*, 387 F. App'x 778 (9th Cir. 2010).

On September 29, 2010, this Court denied Ronell's motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel under 28 U.S.C. § 2255. (Doc. 76). Ronell filed a request for reconsideration on October 20, 2010 and a notice of appeal of this Court's denial of his § 2255 motion on October 28, 2010. (Docs. 77, 82). On November 2, 2010, this Court granted Ronell's request to correct this Court's September 29, 2010 order to reflect his status as represented by counsel and to clarify the relief he seeks. (Doc. 87). On April 13, 2012, the Ninth Circuit granted Ronell's request for a certificate of appealability with respect to the issue of whether this Court properly denied Ronell's ineffective assistance of counsel claim, including whether this Court applied the appropriate legal standard. (Doc. 88). On April 22, 2013, the Ninth Circuit granted the parties' joint motion to dismiss voluntarily the appeal and remanded the matter back to this Court. (Doc. 90).

On August 5, 2013, this Court ordered Ronell to file an amended § 2255 motion at the request of Ronell's new counsel Sciandra. On April 29, 2014, Ronell filed an amended motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel under 28 U.S.C. § 2255. The government filed a statement of non-opposition on May 30, 2014.

## 28 U.S.C. § 2255

### 1. Legal Standard

The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir.1998.). In *Strickland v. Washington*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 694 (1984). Establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting, *Strickland*, 466 U.S. at 693. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of the *Strickland* test echoes the standard of attorney competence set forth *McMann*. *Id*. at 58-59; s*ee also*, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the

voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*."). "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

**2. Analysis**

Ronell argues that he received ineffective assistance of counsel because Nuttall erroneously advised Ronell to plead guilty without a plea agreement in order to preserve his right to appeal the denial of his motion to suppress and failed to orally preserve the right to appeal the denial at the change of plea hearing. Ronell further argues that he received ineffective assistance of counsel because Nuttall failed to adequately represent Ronell's interests in his cooperation with the government.[1]

Nuttall acknowledges on the record that, "[a]t the time of the plea, I did not believe that we needed to go to trial or do anything other than enter the plea to preserve the right to appeal, as in state court." (Nuttall Decl. at ¶ 15). As a result, he admittedly "neglected to discuss with [the government] the prospect of entering into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure to preserve Mr. Ronell's appellate rights" and "neglected to otherwise preserve his right to appeal the order denying the motion to suppress when he pleaded guilty." *Id*. at ¶ 14. Nuttall further admitted that this conduct "was clearly oversight and error on my part, which was not intended or calculated to serve any tactical purpose." *Id*. at ¶ 13. The distinction between federal and state criminal procedure is one of which any reasonably competent attorney practicing criminal law must be aware. Here, Nuttall fell below "the range of competence demanded of attorneys in criminal cases" by failing to exercise such awareness. *McMann*, 397 U.S. at 771.

Nuttall's misunderstanding of federal criminal procedure resulted in Ronell's entering an unconditional guilty plea as to each of the three counts of the indictment. As the Ninth Circuit stated

---

[1] Because this Court finds that Ronell received ineffective assistance of counsel on the first ground with respect to appealing the denial of his motion to suppress and grants relief accordingly, the Court need not reach whether Ronell also received ineffective assistance of counsel on the second alleged ground.

4

in dismissing Ronell's appeal of this Court's denial of his motion to suppress, "[w]hen a defendant pleads guilty without conditions, the plea 'constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.'" *United States v. Ronell*, 387 F. App'x at 778 (quoting *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005)).  Ronell states that "[i]f I had known that I would waive my right to appeal the motion to suppress by pleading guilty without a written plea agreement, then I would have insisted on going to trial[.]"  (Ronell Decl. at ¶ 13).  Nuttall states:

> I believe that Mr. Ronell relied on my erroneous advice in deciding to plead guilty to all three counts against him in the indictment.  It is my belief that his primary reason for pleading guilty to all charges in the indictment without a plea agreement was to appeal the order denying the motion to suppress.
>
> I also believe that Mr. Ronell would not have agreed to waive his right to a trial and plead guilty if he had known he was giving up the right to appeal the denial of the motion to suppress.  If he had known, then I believe he would have insisted on proceeding to trial, if necessary, to preserve his right to appeal[.]

(Nuttall Decl. at ¶¶ 18-19).  Therefore, Ronell shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Because Ronell satisfies both prongs of the *Strickland* test for ineffective assistance of counsel in challenging his guilty plea, his motion to motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel under 28 U.S.C. § 2255 is GRANTED.  466 U.S. at 694.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court

1. GRANTS movant Raymond Ronell's motion to motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel pursuant to 28 U.S.C. § 2255; and
2. ORDERS respondent United States of America immediately to seek a superseding

indictment if it wishes to proceed in that regard; and

3. SETS a trial setting conference in this matter for July 14, 2014 at 8:15 a.m. in Courtroom 4 (LJO).

**IT IS SO ORDERED**
**DATED: June 2, 2014**

                                    **/s/ Lawrence J. O'Neill**
                                    **United States District Judge**