# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND WILLIAM RONELL,<br><br>Defendant. | 1:06-cr-00066-LJO-1<br><br>**MEMORANDUM DECISION AND ORDER RE PETITIONER'S REQUEST FOR JUDICIAL RECOMMENDATION CONCERNING LENGTH OF HALFWAY HOUSE AND ORDERING THE BUREAU OF PRISONS TO CONDUCT INDIVIDUALIZED REVIEW OF DEFENDANT**<br><br>**(ECF No. 129)** |

## I. INTRODUCTION

Before the Court is Defendant Raymond William Ronell's ("Defendant" or "Ronell") *pro se* motion requesting that the Court recommend to the Bureau of Prisons ("BOP") that Defendant be placed in a residential re-entry center ("RRC") for a period of up to twelve (12) months prior to the end of his sentence. ECF No. 129. The government has not filed a response.

## II. BACKGROUND

On February 23, 2006, Ronell was indicted on three counts: (1) sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a); (2) receipt or distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2); and (3) possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 1. Ronell entered a plea of not guilty on March 3, 2006. ECF No. 3.

On August 6, 2007, Ronell's counsel filed a motion to suppress evidence seized during a

1

search of his residence and the subsequent search of his email account. ECF No. 29. Defense counsel advised Ronell that he planned to appeal if the Court denied the motion to suppress. The Court denied the motion to suppress on September 14, 2007. ECF No. 36.

On September 24, 2007, Ronell entered a plea of guilty as to each of the three counts in the indictment without a written plea agreement with the government. ECF No. 37. During the change of plea hearing before this Court, defense counsel did not orally or otherwise preserve Ronell's right to appeal this Court's denial of the motion to suppress pursuant to Fed. R. Crim. P. 11.

On August 22, 2008, this Court sentenced Ronell to a term of imprisonment of 360 months for count one and a term of 240 months for count two, to be served concurrently, and dismissed count three. ECF No. 58.

On July 15, 2010, the Ninth Circuit Court of Appeals denied Ronell's appeal of this Court's denial of the motion to suppress because Ronell "failed [] to preserve this issue for appellate review because he pleaded guilty without a written plea agreement and made no reservation of rights at the plea hearing." *United States v. Ronell*, 387 F. App'x 778 (9th Cir. 2010).

On September 29, 2010, the Court denied Ronell's motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel under 28 U.S.C. § 2255. ECF No. 76. On April 29, 2014, Ronell filed an amended motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel under 28 U.S.C. § 2255. The government filed a statement of non-opposition on May 30, 2014. ECF No. 106. In an order dated June 2, 2014, the Court granted Ronell's § 2255 motion, finding that he had received ineffective assistance of counsel because counsel "erroneously advised Ronell to plead guilty without a plea agreement in order to preserve his right to appeal the denial of his motion to suppress and failed to orally preserve the right to appeal the denial at the change of plea hearing." ECF No. 107. His previously imposed sentence was vacated.

On December 1, 2014, Ronell pleaded guilty to one count of sexual exploitation of a minor pursuant to 18 U.S.C. §2251(a). ECF No. 120. Pursuant to the government's motion, counts two and

three, for receipt or distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2) and possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B), were dismissed. ECF Nos. 125-126. On December 22, 2014, Ronell was sentenced to 198 months' imprisonment and 180 months of supervised release. *Id*. He is presently incarcerated at FCI Seagoville, in Seagoville, Texas. According to the BOP's online inmate locator, his current anticipated release date is May 4, 2020.[1]

## III. LEGAL STANDARD

"After a district court sentences a federal offender, the Attorney General, through the BOP . . . , has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("a person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). Although "Section 3621(b) gives the Bureau of Prisons discretion to designate the facility" for a prisoner's sentence, the BOP is required to consider a number of factors "when it exercises [that] discretion." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016). Those factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) <u>any statement by the court that imposed the sentence</u>, either (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) <u>recommending a type of penal or correctional facility as appropriate</u>; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b) (emphasis supplied). A court has discretion to make recommendations regarding RRC placement post-sentencing, *see*, *e.g.*, *United States v. Brattin*, No. 2:13-CR-00161-JAD-CWH-1, 2016 WL 4467897, at *1 (D. Nev. Aug. 23, 2016) (granting request where defendant demonstrated placement in RRC, if practicable, would ease

---

[1] *See* BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited July 9, 2018).

defendants transition back into society and where defendant had no prison disciplinary history); *United States v. Medina*, No. CR 13-112-BLG-SPW, 2017 WL 5505795, at *1 (D. Mont. Nov. 16, 2017) (declining to make such a recommendation even though defendant might benefit from RRC because BOP had most up to date information and defendant had "a long history of violating conditions of release"), although any such judicial recommendation is non-binding. *See* 18 U.S.C. § 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").[2]

18 U.S.C. § 3624(c) sets forth the parameters governing BOP placement in a community correctional facility or in-home confinement:

> (c) Prerelease Custody.—
>
> > (1) In general.—The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
> >
> > (2) Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c). Prisoners, therefore, are eligible for a maximum of twelve months in a facility such as a halfway house and no more than six months in home confinement.

---

[2] Habeas petitions challenging the execution of a sentence generally must be filed in the custodial court, not the sentencing court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Ronell's motion is not, however, a habeas petition; it seeks a non-binding recommendation from this Court concerning the execution of a sentence and is therefore properly before this court.

# IV. <u>ANALYSIS</u>

Ronell marshals the following facts in support of his argument that his good conduct during his incarceration warrants consideration that he be placed in RRC. Noting that he was honorably discharged and is a disabled veteran, he points to his many hours of educational and other programming during his incarceration. He submitted with his request documentation showing that he has taken 1,132 hours of individualized BOP programming, completed 36 hours of college credit, completed a paralegal certificate course from Oregon State University's Professional and Continuing Education program, achieved occupational competencies from the State of Florida as a PC technician and in Microsoft Office XP, and has taken courses on marriage, parenting, and career counseling, among others. ECF No. 129 at 6-24. In addition, he submitted a letter from a chaplain at FCI Seagoville describing him as "an excellent [worker], a good [m]entor for the inmates, a good organizer, self-motivated, honest, trustworthy, reliable, respectful, and courteous." *Id*. at 25. Ronell asserts in his briefing that he has served in "trusted positions of responsibility," including as a chapel clerk, suicide companion, blind inmate companion, and psychology clerk and that he "has not been a management problem" during his time in federal correctional institutions. *Id*. at 3.

He also states that he will be released to a halfway house in San Francisco, far away from the sentencing court and any community support and "needs extra time as he has served a lengthy sentence." *Id*. at 2. He plans to study law and also "needs the extra time for educational purposes." *Id*. He further argues that he will benefit from Veterans Administration healthcare facilities in the Bay Area.

The Court has reviewed the motion and attachments submitted with it, as well as the rest of the record, and declines to issue a non-binding recommendation to BOP that Ronell be released to an RRC. While Ronell's good behavior and efforts to further his education may be commendable, the Court leaves the decision to the BOP to determine the appropriate placement. *See Medina*, 2017 WL 5505795, at *1 ("The Bureau of Prisons has more recent information about [the defendant], knowledge of its own facilities and availability, and the institutional expertise to decide the best placement. The Court will

defer to the Bureau and will not make a recommendation one way or the other.").

## V. CONCLUSION AND ORDER

Ronell's request for a recommendation that he be placed in an RRC (ECF No. 129) is **DENIED**. The Court makes no recommendation concerning his placement in an RRC.


IT IS SO ORDERED.

   Dated:   **July 11, 2018**                                **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES CHIEF DISTRICT JUDGE